IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALVIN MICHAEL DUGAN, | |
| Plaintiff, | **8:25CV396** |
| vs. | |
| KALA HADEN, Individual and Official capacity; LESLIE VANWINKLE, Individual and Official capacity; JESSICA ASPLIN, Individual and Official capacity; and RAVONNE FOSTER, Individual and Official capacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

The matter is before the Court on a complaint filed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), by Plaintiff Calvin Michael Dugan ("Plaintiff"), a prisoner proceeding in forma pauperis,[1] on June 16, 2025 (the "Complaint"). Filing No. 1. An initial review of the Complaint must be conducted by this Court to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons set forth below, this Court finds that summary dismissal of the Complaint is appropriate due to a multitude of pleading deficiencies.

## I.  SUMMARY OF COMPLAINT AND ADDITIONAL BACKGROUND

Plaintiff, a convicted and sentenced federal prisoner, sues United States Probation Officers Leslie VanWinkle ("VanWinkle"), Ravonne Foster ("Foster"), Jessica Asplin ("Asplin"), and Kala Haden ("Haden") in their individual and official capacities. Filing No. 1 at 2-4. He alleges claims arising under the First, Fourth, Fifth, and Eighth Amendments

---

[1] *See* Filing No. 10 (granting leave to proceed in forma pauperis).

as well as a state law defamation[2] of character claim arising out of unspecified events that occurred in Omaha, Nebraska, at Dismas Charities on January 13, 2022, and Hope House between July 2022 and August 18, 2023.  *Id.* at 3–4.

In support of his allegations, Plaintiff simply states the following:

Submitting to polygraphs which is a 5th Amendment violation protecting me against self-incrimination not a tool used for treatment the poly[graph] is a loophole in treatment which allows the probation office to violate you.  1st Amendment violation for discriminating against me as a sex offender by not allowing me access to the new religion, public information because of the government's so called public safety factor and calling me a threat to the public which I am not.  8th Amendment violation for ongoing harassment from the following defendants.

*Id.* at 4 (capitalization corrected).

Plaintiff alleges his injuries consist of "PTSD due to ongoing harassment" and he "was placed on suicide watch in Douglas County Jail by probation officers and U.S. Marshalls."  *Id.* at 5.  Plaintiff's stated relief is $100 million dollars, immediate release without supervision, and a public apology from all defendants.  *Id.*

The Court takes judicial notice that, during the time frame alleged in the Complaint, Plaintiff was on supervised release pursuant to his plea-based conviction for possession of child pornography in *USA v. Dugan*, 4:18-cr-03003-JMG-CRZ (D. Neb.) (hereinafter "4:18CR3003").[3]  On August 18, 2023, a U.S. probation officer filed a Petition for Offender Under Supervision in 4:18CR3003 seeking a warrant for Plaintiff due to alleged violations of his conditions of supervision, including possessing unapproved an unmonitored electronic devices and possession of sexually explicit materials (the "revocation petition").

---

[2] Plaintiff alleges a claim of "diposition [sic] of character" which this Court believes is a scrivener's error and construes as "defamation of character."  *See* Filing No. 1 at 3.

[3] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records.  *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).  Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it.  *Id.*

Filing No. 61, Case No. 4:18CR3003.  Subsequently, on November 14, 2023, Plaintiff was indicted on one count of possession of child pornography in *USA v. Dugan*, 4:23-cr-03125-JMG-JMD (D. Neb.) (hereinafter "4:23CR3125"), based on the same conduct at issue in the revocation petition.  Filing No. 1, Case No. 4:23CR3125.  On March 28, 2024, Plaintiff pleaded guilty to the sole count in the indictment in 4:23CR3125, and the factual basis for Plaintiff's plea showed that Plaintiff admitted to being in possession of multiple unapproved electronic and Internet capable devices "[d]uring a polygraph exam required as a condition of supervised release" and that probation seized Plaintiff's electronic devices on August 18, 2023.  Filing No. 26 at 2, Case No. 4:23CR3125.  Senior District Court Judge John M. Gerrard accepted Plaintiff's guilty plea and sentenced Plaintiff on June 25, 2024, to 132 months' imprisonment and 15 years' supervised release.  Filing Nos. 32 & 41, Case No. 4:23CR3125.   As part of Plaintiff's plea agreement in 4:23CR3125, the government dismissed the revocation petition in 4:18CR3003.  Filing No. 81, Case No. 4:18CR3003.

## II.  INITIAL REVIEW STANDARD

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

3

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Plaintiff's Complaint suffers from extreme pleading deficiencies, which require its dismissal as the Court concludes amendment would be futile.

Plaintiff brings his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Filing No. 1 at 3.  Plaintiff sues the Defendants in their individual and official capacities.  "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998).  Federal employees in their official capacities are considered federal agencies against which a *Bivens* action cannot be

4

brought. *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994); *Buford*, 160 F.3d at 1203 (postal employee's *Bivens* claim against Postmaster General in his official capacity treated as suit against Postal Service and, therefore, could not be prosecuted because *Bivens* actions "cannot be prosecuted against the United States and its agencies because of sovereign immunity"). Therefore, Plaintiff's *Bivens* claims against the Defendants in their official capacities must be dismissed.

In relation to Plaintiff's individual capacity claims, "[o]n only three occasions has the Supreme Court implied a cause of action under *Bivens*." *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019) (citing *Carlson v. Green*, 446 U.S. 14, 16-18 (1980) (allowing Eighth Amendment claim against federal prison officials who failed to treat a prisoner's asthma); *Davis v. Passman*, 442 U.S. 228, 248 (1979) (permitting congressman's administrative assistant to sue for sex discrimination in violation of Fifth Amendment due process rights after congressman fired assistant); *Bivens*, 403 U.S. at 397 (allowing Fourth Amendment claim against federal agents for illegal arrest, strip search, and search of apartment without warrant)). The Supreme Court has recently reminded us that recognizing new *Bivens* claims "is a disfavored judicial activity" and "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotation marks and citations omitted); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) (same). Therefore, to the extent Plaintiff intends to bring claims under the First Amendment, *see* Filing No. 1 at 4, it is highly unlikely such a claim could proceed.

The limited nature of claims which Plaintiff may raise under *Bivens*, however, are relatively inconsequential in consideration of the lack of factual allegations in the

Complaint.  Although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, Plaintiff's Complaint fails to meet this minimal pleading standard.  While Plaintiff names four defendants and lists multiple constitutional amendments (and a state law claim of defamation of character) as the basis for his claims, he does not provide any connection between the claims and each individual defendant.  As pleaded, it is impossible for this Court to determine which claims apply to which defendant as Plaintiff does not state what any of the defendants actually did, nevertheless if any of their actions are cognizable under *Bivens*.

Moreover, it appears based on the Court's records that Plaintiff's claims are essentially challenges to his conditions of supervision in 4:18CR3003.  As such, Plaintiff's claims are barred under the principles in *Heck v. Humphrey*, 512 U.S. 477 (1994), as he cannot use a *Bivens* action to cast doubt on the legality of his sentence and conditions of supervision imposed in 4:18CR3003.  *See Faber v. Smith*, No. 1:17-CV-355, 2017 WL 6059052, at *3 (W.D. Mich. Dec. 7, 2017) (dismissing *Bivens* claim against probation officer arising out of conditions of supervision imposed as part of the plaintiff's federal sentence as *Heck*-barred), *aff'd*, No. 17-2523, 2018 WL 6918704 (6th Cir. June 6, 2018);

6

*Williams v. DeVetter*, No. 4:12CV3217, 2013 WL 1411734, at *2 (D. Neb. Apr. 8, 2013) ("*Heck* also applies to *Bivens* actions against federal officials." (citing *Washington v. Sorrows*, 107 F.3d 876, 1997 WL 71670, at *1 (8th Cir. Feb. 21, 1997) (Table Disposition))); *Cistrunk v. Johnson*, No. CIV 08-2203(DWF/RLE), 2009 WL 2766727, at *7 n.5 (D. Minn. Aug. 31, 2009) ("Federal Courts have consistently applied the principles of *Heck*, and its progeny, in *Bivens* actions by Federal prisoners" as *Bivens* actions are analogous to section 1983 actions. (citing cases)).

Accordingly, the Court finds Plaintiff's Complaint fails to state a plausible claim for relief against any of the named Defendants, and the Court will dismiss the Complaint without prejudice as further amendment would be futile.

IT IS ORDERED:

1.    This matter is dismissed without prejudice.

2.    The Court will enter a separate judgment.


Dated this 7th day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

7